```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22320-CIV-ALTONAGA
                              MAGISTRATE JUDGE P.A. WHITE

MARION GAY LAGORA FALDAS     :

     Petitioner,             :

v.                           :      REPORT OF
                                    MAGISTRATE JUDGE
WALTER A. McNEIL,            :

     Respondent.             :
_____
```

## I.   Introduction

Marion Faldas, who is presently on probation,[1] filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case F07-1947, entered in the Eleventh Judicial Circuit Court for Miami-Dade County. (DE# 1). Faldas is currently represented by private counsel. See (DE# 35, Notice of Appearance).

The case is currently on remand from the Eleventh Circuit Court of Appeals and has been re-referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. (DE# 39).

## II. Issues on Remand

The Eleventh Circuit Court of Appeals has remanded this cause to this Court to decide the following issues: Whether state trial

---

[1]  See Coronado v. United States Bd. of Parole, 540 F.2d 216, 217 n.3 (5 Cir. 1976) (habeas jurisdiction properly attached and petition was "in custody" in the district where he was placed under the supervision of a U.S. probation officer).

1

counsel was ineffective (1) for advising him to plead guilty based on a perceived bias of the trial judge and/or (2) for failing to advise Faldas that his guilty plea constituted an admission that he had molested the victim. See Faldas v. Secretary, Florida Dept. of Corrections, 431 Fed.Appx. 803, 2011 WL 2438954 (11th Cir. 2011).

### III.  Procedural History

On February 22, 2007, the state charged Faldas in an amended information with one count of lewd and lascivious molestation of a child age twelve to sixteen years old, on or between July 2, 2001 and July 6, 2002, in violation of Fla. Stat. §800.04(5)(c).  (DE# 10, Ex. C).  Faldas entered a written plea agreement under which he agreed to plead guilty in exchange for a two-year prison term followed by ten years on probation.  (DE# 10, Ex. D).  Faldas entered his plea on the record during a November 26, 2007 hearing. (DE# 10, Ex. E).  The court entered a November 26, 2007 judgment against Faldas pursuant to the guilty plea and sentenced him to fifteen years in prison.  (DE# 10, Ex. G).  The court imposed a mitigated sentence on November 30, 2007 under which Faldas was sentenced to two years' incarceration followed by ten years on probation (DE# 10, Ex. H).

Faldas filed a December 24, 2007 motion for reduction or modification of sentence pursuant to Fla.R.Crim.P. 3.800(c). (DE#10 Ex. X).  The trial court denied the motion.  (DE# 10, Ex. Y).  Faldas did not appeal the trial court's order.

Faldas filed a June 29, 2008 pro se motion for postconviction relief (DE# 8, p. 74-88) followed by a November 5, 2008 supplement to the motion, with exhibits attached in support thereof (DE# 10, Ex. K).  The state filed a November 4, 2008 response with attachments (DE# 10, Ex. L) and a December 4, 2008 amended response

(DE# 10 Ex. M).  Faldas filed a reply to the state's response. (DE# 10, Ex. N).  In a lengthy written order entered January 13, 2009, the trial court summarily denied the motion.  (DE# 10, Ex. O).  Faldas took an appeal from the trial court's ruling (DE# 10, Ex. P), and the denial of postconviction relief was affirmed without written opinion in a per curiam affirmance. (DE# 10, Ex. Q).  See also Faldas v. State, 7 So. 3d 1110(Fla. 3 DCA 2009).

On May 4, 2009, Faldas filed an amended motion for postconviction relief in the trial court.  (DE# 10, Ex. S).  The state filed a response with exhibits attached.  (DE# 10, Ex. T). The trial court entered a written order denying Faldas's motion. (DE# 10, Ex. U).  Faldas filed a June 24, 2009 notice of appeal (DE# 10, Ex. V), followed by an August 24, 2009 initial brief (DE# 10, Ex. W).  The Third DCA recently affirmed the trial court's order in a per curiam affirmance without written opinion.  Faldas v. State, 2010 WL 2542051 (Fla. 3 DCA June 23, 2010).

On August 6, 2009,[2] Faldas came to this Court by filing the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  (DE# 1). The state filed a response to an order to show cause and appendix of exhibits. (DE# 7-10).  Faldas filed a reply to the response. (DE# 12).

The Undersigned issued a July 8, 2010 Report recommending that the petition be denied.  (DE# 17).  The Report addressed on the merits, and rejected, the following claims:

> **Claim 1**: He was prosecuted, convicted, and sentenced under a time-barred offense.

---

[2] In the response to the order to show cause, the respondent rightfully does not challenge the timeliness of this petition. See 28 U.S.C. §2244(d). (DE# 7, p. 14-15).

3

> **Claim 2**: A defective information and evidence insufficiency resulted in his conviction under multiple exclusive charges.
>
> **Claim 3**: The state and the state court failed to address all factual allegations raised by the petitioner in his postconviction motion.
>
> **Claim 4**: His attorney provided ineffective assistance by failing to (a) investigate and raise the time-bar defense; (b) raise and object to the issue of evidence insufficiency; (c) raise and object to the issue of a fundamentally defective information and to pursue motions for discharge or dismissal; (d) raise and object to the state's multiple instances of misconduct; (e) investigate alibi witnesses and records.

(DE# 17).  The District Court entered an order accepting in whole the Report and closing the case. (DE# 19).

Faldas filed a notice of appeal. (DE# 20).  The Eleventh Circuit issued a written opinion wherein it held the following:

> We granted a certificate of appealability to determine whether the district court violated <u>Clisby v. Jones</u>, 960 F.2d 925, 938 (11th Cir.1992), by failing to address two arguments of ineffective assistance of counsel that Faldas made in his petition and his corresponding memorandum of law. We vacate and remand.
>
> Faldas filed a federal petition for a writ of habeas corpus and argued that his counsel had been ineffective for advising him to plead guilty based on a perceived bias of the trial judge and for failing to advise Faldas that his guilty plea constituted an admission that he had molested the victim. In his fourth ground for relief, Faldas argued that he had been "deprived ... of a fair and impartial trial ... under the 5th, 6th, and 14th Amendments to the U.S. Constitution" because, "[i]n addition" to five specific acts of ineffectiveness, counsel had "impugn[ed] ... the state trial court" and "unfairly undermined [Faldas]'s confidence in the administration of justice, which misled [him] to enter

4

into a plea agreement with the State." Faldas asked the district court to "[p]lease see [the] accompanying Memorandum" for further discussion of the issues.

In his memorandum, Faldas argued that trial counsel's conduct had been guided by his sentiments about the trial judge and had affected Faldas's decision to plead guilty. Faldas argued that "[c]ounsel either ignored or took advantage of [Faldas]'s lack of knowledge of the law and lack of appreciation of the legal significance of the issues" that "required dismissal of [his] charge" and, had counsel "properly advised him on the viable and potential defenses" available, Faldas would not have "entered into a plea agreement with the State." Faldas contended that "[c]ounsel was ... interested in negotiating a plea deal ... because of [his] overt speculative fear that, in sexual crimes, it would be considered political suicide for [the] state trial judge, who was up for reelection, to hand down rulings that would be favorable to [Faldas]" and that caused "[Faldas]'s confidence in the administration of justice [to be] unfairly undermined [and][led] to his involuntary plea entry." After Faldas discussed five "primary subjects of [his] ineffective assistance of counsel [] claim," Faldas argued that "[c]ounsel was incompetent for failing to inform [Faldas] that entering into a plea agreement would mean that [he] acknowledged that there were 'no contested facts' regarding the crime as charged" and "fatally 'affected the outcome of the plea process.'"

After the state filed an answer, Faldas replied that the state had "failed to address [his] claim that as the result of ineffective assistance of counsel, [he] was misled to enter into a plea agreement with the State." In the final section of his reply brief, which Faldas titled "Issues Not Addressed By Respondent," Faldas repeated the arguments made in his memorandum about how counsel's sentiments colored trial strategy and caused Faldas to plead guilty.

. . .

A district court is required to resolve all allegations of constitutional violations included in a petition for a writ of habeas corpus, whether or not the district court grants or denies habeas relief. Clisby, 960 F. 2d at 936. Faldas made two arguments about

5

>ineffective assistance of counsel, and the district court failed to address those arguments. To remedy this oversight, we vacate and remand the matter to the district court to consider all of Faldas's allegations that counsel was ineffective.

Faldas, 431 Fed.Appx. at 803-05.

In light of the Eleventh Circuit's decision, the District Court issued an order re-referring the case to the Undersigned. (DE# 39). Subsequently, Faldas, through counsel, filed a memorandum of law in support of the complaint/petition wherein Faldas argued that an evidentiary hearing is necessary to address the two remaining issues. (DE# 41).

## IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from

Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254; Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001); Devier v. Zant, 3 F.3d 1445 (11th Cir. 1993).

## V.   Discussion

**Issues**: Whether state trial counsel was ineffective **(1)** for advising him to plead guilty based on a perceived bias of the trial judge and/or **(2)** for failing to advise Faldas that his guilty plea constituted an admission that he had molested the victim.

In his memorandum in support of his §2255 motion, Faldas asserts that he would not have entered a plea and would have insisted on a trial, had his counsel properly advised him on the viable defenses identified in his Rule 3.850 motion.  (DE# 1-1, p. 20).

7

Faldas raised the first issue in the Rule 3.850 proceedings in state court. For example, in his first Rule 3.850 motion, Faldas claimed ineffective assistance of counsel for

> Fail[ing] to investigate and pursue defenses (Issues 14A.1-7, 14A.10-11) because of counsel's overt speculation that in this type of case, it would be considered political suicide for this court, whose judge is up for re-election, to hand down rulings that would be favorable to defendant, even if defense issues were correct and/or would be proven correct.

(DE# 8, p. 81). "Issues 14A.1-7, 14A.10-11" consist of the following ineffective assistance of counsel claims: failing to investigate alibi witnesses and records; failing to object to the victim's statement; failing to allege that the state could not prove that the victim was less than 16 at the time of the crime; failing to pursue a statute of limitations defense; failing to argue that the time frame contained in the information hindered the defendant's ability to present a defense; and failing to argue that the state violated various procedural rules. In his memorandum in support of his first Rule 3.850, Faldas alleged, "counsel told defendant that no rulings favorable to defendant would be handed down by this court because it would be considered political suicide to do so for a judge who is up for reelection." (DE# 1-1, p. 44). In the supplement to his first Rule 3.850 motion, Faldas asserted:

> Defendant maintains that if not for his trial counsel's errors (and/or their cumulative effect) and/or if not for the state's violations and non-compliance (and/or their collective impact), which misled him to enter into a plea agreement with the state, defendant would have benefitted from different and/or other defense strategies, including insisting on going to trial. Moreover, if his trial counsel properly advised him on the viable and potential defenses as identified in the aforesaid motion, and/or on the state's violations and non-compliance of applicable Florida Rules of Criminal Procedure, all of which

8

>effectively hindered trial preparations, defendant would not have entered into a plea agreement with the state. In the process, defendant's trial counsel, instead, took advantage of defendant's lack of knowledge of the law as well as of defendant's failure to appreciate the legal significance of the issues surrounding this instant case.

(DE# 8, p. 91-92).

In the Rule 3.850 proceedings in state court, Faldas was not as clear regarding the second issue. Although Faldas disputed the truth of facts contained in the charging document in several postconviction filings, he stated the second issue more clearly in his §2254 motion in federal court. With respect to the second issue, Faldas alleges in the instant proceedings that defense "counsel was incompetent for failing to inform [Faldas] that entering into a plea agreement would mean that [Faldas] acknowledged that there were 'no uncontested facts' regarding the crime as charged, which definitely was not the case at all, particularly with respect to the age of the alleged victim at the time of the alleged offense." (DE# 1-1, p. 24).

In its order denying Faldas's first Rule 3.850 motion, the state trial court addressed counsel's alleged failure to raise the "viable defenses" and failure to challenge the state's violation of the procedural rules.[3] (DE# 8-4, p. 29-31). The court did not specifically address Faldas's claim that counsel was ineffective in advising him to enter a plea (issue 1) or that defense counsel assured Faldas that by entering a guilty plea, he was not admitting to the truth of the charges (issue 2). However, the court stated

---

[3] In the 7/8/10 Report, the Undersigned concluded that the state trial court's determination that Faldas was not entitled to postconviction relief on the ineffective assistance of counsel claims raised in his Rule 3.850 motion was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. (DE# 17).

the following regarding the guilty plea proceedings:

> [T]he defendant told this court during his plea colloquy that he was satisfied with the advice and representation of his attorneys. (See Plea Colloquy at 5, attached hereto as Exh. G). The defendant also entered into the plea agreement knowing that he is giving [up] the rights to make the state prove the case against him beyond a reasonable doubt, cross examine the state's witnesses, and present his own witnesses. Id. Also, the defendant entered into the plea knowing that there would be no further investigation into his case. Id. at 6.

(DE# 8-4, p. 31). The trial court's denial of Faldas's postconviction motion was affirmed on appeal, without written opinion, by the Third DCA. Faldas v. State, 7 So. 3d 1110(Fla. 3 DCA 2009); Faldas v. State, 2010 WL 2542051 (Fla. 3 DCA June 23, 2010).

## Guilty Plea Principles

It is well settled that before a trial judge can accept a guilty plea, the defendant must be advised of the various constitutional rights that he is waiving by entering such a plea. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. Brady v. United States, 397 U.S. 742, 748 (1970). See also United States v. Ruiz, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002); Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Henderson v. Morgan, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the

consequences of his guilty plea. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005); United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999).

After a criminal defendant has pleaded guilty, he may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, United States v. Patti, 337 F.3d 1317, 1320 (11th Cir.2003), *cert. denied*, 540 U.S. 1149, 124 S.Ct. 1146, 157 L.Ed.2d 1042 (2004), attack the voluntary and knowing character of the guilty plea, Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir.1992), or challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir.1986). In other words, a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984). A guilty plea must therefore stand unless induced by misrepresentation made to the accused person by the court, prosecutor, or his own counsel. Mabry, 467 U.S. at 509, *quoting*, Brady v. United States, 397 U.S. at 748. If a guilty plea is induced through threats, misrepresentations, or improper promises, the defendant cannot be said to have been fully apprised of the consequences of the guilty plea and may then challenge the guilty plea under the Due Process Clause. Mabry, 467 U.S. at 509. See also Santobello v. New York, 404 U.S. 257 (1971). The general principles of law with regard to guilty pleas are equally applicable for pleas of *nolo contendere*. North Carolina v. Alford, 400 U.S. 25, 37 (1970).

Because Faldas asserts in his petition that trial counsel

11

rendered ineffective assistance in advising him to enter a guilty plea, this Court's analysis begins with the familiar rule that the Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defence." U.S. CONST. amend. VI. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Id. at 689. This two-part standard is also applicable to ineffective-assistance-of-counsel claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 57-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Padilla v. Kentucky, ___ U.S. ___, ___, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010). In the context of a guilty plea, the first prong of *Strickland* requires petitioner to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would have entered a different plea. Hill, 474 U.S. at 56-59. If the petitioner cannot meet one of *Strickland*'s prongs, the court does not need to address the other prong. Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir.2007); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

## Change of Plea Proceedings

During the course of the state criminal proceeding, Faldas decided that it was in his best interest enter a plea of guilty to one count of lewd and lascivious molestation on a child 12-16 years old. <u>See</u> Probation Plea Agreement. (DE# 8, p. 17-21). Faldas initialed following a paragraph which provided:

> The Defendant, MARION FALDAS, will enter a plea of guilty to one count of LEWD AND LASCIVIOUS MOLESTATION ON A CHILD 12-16 YEARS.  The Defendant will be adjudicated guilty, REQUIRED TO ENTER A GUILTY PLEA, and will be required to register as a sexual offender pursuant to F.S. §943.0435.

(DE# 8, p. 17)(capitalization in original).  Faldas also initialed after the final paragraph which provided:

> Having read the above-mentioned terms of this plea agreement, and having been advised by my counsel, RICHARD DUNBERG AND NELSON RODRIGUEZ, I, MARION FALDAS, freely and voluntarily enter into this plea agreement and agree to abide by all terms and conditions of this plea agreement, and agree that failure to comply with any terms or conditions within this agreement constitutes a violation of probation and the Court will impose a 15-year State Prison sentence, the maximum statutory penalty provided by law, for the crimes for which I am now pleading guilty.

(DE# 8, p. 21).  The agreement was signed by the assistant state attorney, Defendant Faldas, defense counsels Richard Dunberg and Nelson Rodriguez, and the state circuit court judge.  (DE# 8, p. 21).

Faldas appeared before the trial court on the same date that he executed the Probation Plea Agreement. <u>See</u> Transcript of hearing on plea. (DE# 8, p. 25-58).  The trial court proceeded to conduct

a full plea colloquy, at the start of which Faldas was sworn. Id. at 25.  Faldas first assured the court that he had executed the written plea form, his attorney had explained the contents of the form, and that he understood what was contained in the form. Id. at 26-27. The court advised Faldas that by entering the guilty plea, he was waiving his constitutional right to a trial and all attendant rights. Id. Faldas indicated that he understood. Id. When asked if anyone had promised him anything or threatened him with anything in order to get him to change his plea to guilty, Faldas responded in the negative. Id.  The court also informed Faldas that the maximum sentence he could receive for the offense of lewd and lascivious molestation on a child between 12 and 16 years of age was fifteen years' imprisonment. Id. at 28. Faldas told the court that he understood the maximum possible penalty. Id.

Faldas's **first claim** is refuted by the record, specifically, the plea colloquy and the written plea agreement.  Faldas claims that counsel coerced him to enter the plea prior to the change of plea hearing because counsel did not believe Faldas would get a fair trial before the assigned judge.  However, Faldas answered the following questions under oath during the plea colloquy:

> THE COURT: Has anybody promised you anything other than what is in the terms filled out in this written plea agreement comprised of five pages and 38 paragraphs? Has anybody promised you anything else?
>
> DEFENDANT FALDAS: No.
>
> THE COURT: Has anybody forced you into this plea agreement?
>
> DEFENDANT FALDAS: No.
>
> THE COURT: Have you had adequate opportunity to discuss your case and go over this plea agreement with your attorneys, who are here in court with you today?

14

>DEFENDANT FALDAS: Yes, ma'am.
>
>THE COURT: Are you satisfied with the advice they have given you and the representation they have provided?
>
>DEFENDANT FALDAS: Yes, ma'am.

Id. at 26-27.  Faldas also confirmed that he understood that by entering a guilty plea, any viable defenses not yet pursued by his attorneys would be waived.

>THE COURT: Do you understand that, as of today, there will be no more investigation and one of the rights you are giving up is the right to have your attorneys continue to pursue the possibility of, among other things, which could prove your innocence?
>
>DEFENDANT FALDAS: Yes, ma'am.

Id. at 27-28.

Faldas's **second claim** is also refuted by the record.  By executing the written plea agreement, Faldas was admitting that he committed the offense of lewd and lascivious molestation against a child between the ages of 12 and 16.  He initialed under the paragraph which stated he was guilty of this offense and he signed the agreement on the last page.  (DE# 8, p. 17-20).  In addition, during the plea colloquy Faldas confirmed under oath that he was pleading guilty to "one count of lewd and lascivious molestation on a child between the ages of 12 and 16." Id. at 28.  The following exchange took place during the colloquy:

>THE COURT: Are you admitting guilt because you are guilty, sir?
>
>DEFENDANT FALDAS: Yes, ma'am.

Id. at 29.  In addition, by affixing his initials and signing,

Faldas confirmed that he understood the terms of the plea agreement, including the fact that he was guilty of the offense, and that he was entering the plea "freely and voluntarily." Id. at 21. Faldas also confirmed under oath during the plea colloquy that he was admitting his guilt freely and voluntarily. Faldas cannot now claim that he did not understand that by entering a plea he was acknowledging the facts alleged in the information, including the fact that the victim was between the age of 12 and 16.

Full review of the above-reviewed record reveals that Faldas is not entitled to relief in this habeas corpus proceeding. See Boykin v. Alabama, 395 U.S. 238, 243 (1969); Brady v. United States, 397 U.S. 742, 748 (1970). See also Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984). It is apparent from the record that Faldas's guilty plea was entered freely, voluntarily and knowingly with the advice received from competent counsel and not involuntarily and/or unknowingly entered, as now claimed by Faldas.

The ineffective assistance of counsel claims remanded for consideration by the Eleventh Circuit are refuted by Faldas's sworn testimony during the plea colloquy. A defendant's sworn answers during a plea colloquy must mean something. Consequently, a defendant's sworn representations, as well as representation of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). See also Kelley v. Alabama, 636 F.2d 1082, 1084 (5th Cir. Unit B. 1981).

The guilty plea here was clearly lawful and counsel's performance was not constitutionally ineffective. See Hill v.

16

Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984). See also Knowles v. Mirzayance, 556 U.S. ___, 129 S.Ct. 1411, 1420 (2009)(stating that *Strickland*-claims are subject to a doubly deferential standard of judicial review under the §2254(d)(1) standard), *citing*, Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam). Relief must be denied pursuant to 28 U.S.C. §2254(d). Williams v. Taylor, 529 U.S. 362 (2000).

## VI. Evidentiary Hearing

Faldas's counsel argues that an evidentiary hearing is necessary to address the two issues on remand. (DE# 41). The record before this Court refutes Faldas's factual allegations or otherwise precludes habeas relief. See generally Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007). See also Cullen v. Pinholster, 131 S.Ct. at 1398 (holding that "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). Accordingly, an evidentiary hearing in this case is not proper.

## VII. Conclusion

Based upon the foregoing, it is therefore again recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 28th day of November, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Marion Gay Lagora Faldas
      B05137
      400 NE 100 Street
      Miami Shores, FL 33138

      Marcia J. Silvers (Faldas's counsel)
      Marcia J. Silvers, P.A.
      40 Northwest 3rd Street
      Penthouse One
      Miami, FL 33128

      Heidi Milan Caballero
      Richard L. Polin
      Attorney General Office
      444 Brickell Avenue
      Suite 650
      Miami, FL 33131
```