UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-22320-CIV-ALTONAGA/White

**MARION GAY LAGORA FALDAS**,

    Petitioner,
vs.

**FLORIDA DEPARTMENT OF CORRECTIONS**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report ("Second Report") [ECF No. 42], entered on November 28, 2011. On August 6, 2009, Petitioner, Marion Gay Lagora Faldas ("Faldas"), filed a *pro se* Petition ("Petition") [ECF No. 1] for writ of habeas corpus pursuant to 28 U.S.C. section 2254 ("section 2254"). The Clerk referred the case to Magistrate Judge White under Administrative Order 2003-19 for a report and recommendation on any dispositive matters. (*See* [ECF No. 2]). Judge White issued a report on July 8, 2010 ("First Report") [ECF No. 17], recommending the Petition be denied. The Court reviewed the First Report, accepted it in whole, and denied the Petition. (*See* Aug. 16, 2010 Order [ECF No. 19]).

On August 25, 2010, Faldas noticed his appeal of the August 16, 2010 Order, and requested a certificate of appealability (*see* [ECF No. 20]), which the Court denied (*see* [ECF No. 24]). An Eleventh Circuit judge granted Faldas's motion for a certificate of appealability as to one question, involving two claims of ineffective assistance of counsel. (*See* Jan. 13, 2011 Order [ECF No. 29]). In an opinion of June 20, 2011, the Eleventh Circuit found the magistrate

and district judges had failed to address the two ineffectiveness arguments identified in the January 13, 2011 Order, and remanded for consideration of the two arguments. (*See* June 20, 2011 Order [ECF No. 34]). Faldas filed a Memorandum of Law in Support of his Petition [ECF No. 41] on September 22, 2011, requesting an evidentiary hearing on the two claims remanded by the Eleventh Circuit. (Mem. of Law in Support of Pet. 8). In the Second Report, Magistrate Judge White expressly considers the two ineffectiveness arguments and recommends the Petition be denied. (*See* Second Rep. 17). Faldas filed Objections to the Second Report ("Objections") [ECF No. 43] on December 12, 2011.

The Court has carefully reviewed the Second Report, the record, and the applicable law.

## I.   BACKGROUND

On November 26, 2007, Faldas was convicted in the Eleventh Judicial Circuit Court for Miami-Dade County for a single violation of Florida Statute section 800.04(5)(c)(2) — "lewd and lascivious molestation against a victim 12 years of age or older but less than 16 years of age." (Pet. 1 (quoting FLA. STAT. § 800.04(5)(c)(2))). Faldas had entered a written plea agreement in exchange for a two-year prison term followed by ten years on probation, and this plea was entered in the record during the November 26, 2007 hearing. (*See* First Rep. 2 (citing Probation Plea Agreement [ECF No. 8] 16–21; Nov. 26, 2007 Hearing Transcript [ECF No. 8] 23–58)). The state trial court sentenced Faldas to fifteen years. (*See id.* (citing Sentence [ECF No. 8] 64–65)). On November 30, 2007, the trial court imposed a mitigated sentence of two years' incarceration and ten years' probation. (*See id.* (citing Mitigated Sentence [ECF No. 8] 67–68)). Faldas filed a motion for reduction or modification of sentence, which the trial court denied. (*See id.* (citing Mot. for Reduction or Modification of Sentence [ECF No. 9-1] 72–78; Jan. 2, 2008 Order [ECF No. 9-1] 80)).

On June 29, 2008, Faldas filed a *pro se* Motion for Post-Conviction Relief in state court, (*see id.* (citing Mot. for Post-Conviction Relief [ECF No. 8] 75–88)), as well as a Supplement to the Motion (Supplement to Mot. for Post-Conviction Relief [ECF No. 8] 90–92). The trial court denied the motion in an order of January 13, 2009. (*See id.* 3 (citing Jan. 13, 2009 Order [ECF No. 8-4] 29–31)). Faldas appealed the January 13, 2009 Order, and the denial of his post-conviction relief was affirmed without written opinion. (*See id.* (citing Mar. 11, 2009 Opinion [ECF No. 9] 7)). Faldas filed an Amended Motion for Post-Conviction Relief in the state trial court on May 4, 2009. (*See id.* (citing Amended Mot. for Post-Conviction Relief [ECF No. 9] 11–31)). The trial court denied the amended motion. (*See id.* (citing May 28, 2009 Order [ECF No. 9-1] 42–44)). Faldas appealed, and the Third District Court of Appeal affirmed the trial court's May 28, 2009 Order without written opinion. (*See id.* (citing *Faldas v. State*, No. 3D09-1844, 2010 WL 2542051 (Fla. 3d DCA June 23, 2010))).

Faldas filed his current Petition on August 6, 2009, asserting four grounds for relief: (1) prosecution, conviction, and sentencing for a time-barred offense; (2) defective information and evidence insufficiency; (3) failure of the state and state courts to address all factual allegations; and (4) ineffective assistance of counsel. (*See* Pet.). With respect to ineffectiveness of counsel, Faldas asserted that, *inter alia*, "Counsel's impugnment of the state trial court unfairly undermined Petitioner's confidence in the administration of justice, which misled Petitioner to enter into a plea agreement with the State." (Pet. 10). In his accompanying memorandum of law, Faldas argued:

> Counsel was more interested in negotiating a plea deal with the State mainly because of Counsel's overt speculative fear that, in sexual crimes, it would be considered political suicide for state trial judge, who was up for reelection, to hand down rulings that would be favorable to Petitioner even if the defense issues were correct and/or would be proven correct. . . . As a result of

3

> Counsel's impugnment of the state trial court, an action prohibited by the ABA Model Rule of Professional Conduct 8.2(a), Petitioner's confidence in the administration of justice was unfairly undermined leading to his involuntary plea entry.

(Mem. 21 [ECF No. 1-1]) (internal citations omitted). Faldas further stated, "Counsel was incompetent for failing to inform Petitioner that entering into a plea agreement would mean that Petitioner acknowledged that there were 'no uncontested facts' regarding the crime as charged, which definitely was not the case at all." (*Id.* 24).

In his First Report of July 8, 2010, Judge White addressed each of the four grounds raised in the Petition and recommended the Petition be denied, which recommendation the Court accepted. When Faldas appealed, the Eleventh Circuit granted a motion for certificate of appealability as to one issue regarding alleged ineffectiveness of counsel:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 938 (11th Cir. 1992), by failing to address Faldas's claim that his attorney was ineffective for advising him to enter into a plea agreement based on speculation that the trial judge, who was up for reelection, would not issue a favorable ruling, and for failing to advise him that a guilty plea was an acknowledgement that the facts regarding the charged crime were undisputed.

(Jan. 13, 2011 Order).

In a judgment dated June 20, 2011, the Eleventh Circuit discussed the portions of the Petition and Memorandum setting forth these two ineffectiveness arguments, and noted that Faldas further contended in his Reply that the state had "failed to address his claim that as the result of ineffectiveness of counsel, he was misled to enter into a plea agreement with the State." (June 20, 2011 Order 3–4 (quoting Reply 18 [ECF No. 12])). The Eleventh Circuit found Magistrate Judge White did not address the two claims of ineffectiveness of counsel identified in the January 13, 2011 Order, and that Faldas had not waived his right to appellate review of these issues and had fairly presented them in his pleadings and briefs. (*See id*. 4). The Eleventh

Circuit therefore vacated and remanded the matter to the Court to "consider all of Faldas's allegations that counsel was ineffective." (*Id.* 5).

## II. LEGAL STANDARD

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). If no party timely objects, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). In this case, Faldas has timely submitted well-reasoned objections. The Court therefore reviews the Report *de novo*.

An application for relief under section 2254(d):

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "This is a difficult to meet and highly deferential standard for evaluation of state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (internal citations and quotation marks omitted). This highly-deferential standard only holds, however, when the claim was in fact "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). Where the state court does not reach the merit of the claim, "federal habeas review is not subject to the deferential standard that applies under AEDPA . . . Instead, the claim is reviewed *de novo*."

*Cone v. Bell*, 129 S. Ct. 1769, 1784 (2009).

## III. ANALYSIS

The Court will examine each of the two ineffectiveness claims at issue, in turn.

### A. Counsel's alleged overt speculation about the trial judge's bias

With respect to the claim that counsel advised Faldas to plead guilty based on a perceived bias of the trial judge, as an initial matter, the Court must examine whether the claim is subject to the strictures of section 2254(d) — *i.e.*, whether his claim "was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). If so, the Court may not grant the Petition unless Faldas can demonstrate compliance with the remainder of that provision.

Magistrate Judge White finds Faldas raised the issue in state court, and the Court agrees. In his first Motion for Post-Conviction Relief, Faldas alleged ineffective assistance of counsel for, *inter alia*:

> fail[ing] to investigate and pursue defenses . . . because of Counsel's overt speculation that in this type of cases, it would be considered political suicide for this Court whose judge is up for reelection to hand down rulings that would be favorable to Defendant even if defense issues were correct and/or would be proven correct.

(Mot. for Post-Conviction Relief 7). Faldas further alleged counsel "[f]ailed to file pre-trial motions" due to the same "overt speculation." (*Id.*). In the Supplement to the Motion, Faldas clarified that were it not for "trial counsel's errors (and/or their cumulative effect)," Faldas would not have entered the plea agreement, but instead would have "insist[ed] on going to trial." (Supplement to Mot. for Post-Conviction Relief 2).

According to Magistrate Judge White, the state trial court "did not specifically address" Faldas's two ineffectiveness claims. (*Id.*). However, the trial court did state the following in its order denying the Motion for Post-Conviction Relief:

> the defendant alleges that defense counsel did not investigate and pursue potentially successful defense[s], nor did defense counsel file appropriate pretrial motions. The defendant does not specifically state defense counsel's alleged omissions, nor does he state how he is prejudiced. *Strickland v. Washington*, 466 U.S. 668 (1984). Therefore, this claim is denied.

(Jan. 13, 2009 Order 1). Since Faldas raised these issues in connection with counsel's purported expression of bias, this appears to be a statement of the trial court addressing Faldas's claim. The Court finds the state trial court therefore did address and adjudicate Faldas's claim on the merits.

Because the trial court addressed Faldas's first claim on the merits, the Court must determine, in light of the "highly deferential standard" due the state court's ruling, *Cullen*, 131 S. Ct. at 1398, whether that court nevertheless issued "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

The "clearly established federal law" with respect to effectiveness of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Cullen*, 131 S. Ct. at 1403. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. A defendant must first show that counsel failed to act "reasonabl[y] considering all the circumstances." *Id*. at 688. Moreover, a defendant must show prejudice, or "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the guilty-plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

7

There is little doubt in the Court's mind that counsel's expression of bias, if Faldas's allegations are true, meets the first prong of the *Strickland* test. Such an apparently unsupported statement impugning the character of the trial judge would be unprofessional error falling outside the "standard of attorney competence" expected of officers of the court. *Hill*, 474 U.S. at 58; *see also In re New River Dry Dock, Inc.*, No. 06-13274-BKC-JKO, 2011 WL 4382023, at *6 (Bankr. S.D. Fla. Sept. 20, 2011) (noting that a statement that the court had not reviewed the record "alone impugns the qualifications and integrity of the Court" violating rules of professional conduct and "undermin[ing] the public's understanding and confidence in the legal system").

In this matter, the Petitioner bears the burden of proof. *See Cullen*, 131 S. Ct. at 1398 (citation omitted). Furthermore, review under section 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. The Court will not address Faldas's proof that his counsel made these statements, because the Court finds Faldas does not prove the prejudice necessary to meet the second *Strickland* prong, in any case.

The Supreme Court in *Hill* explained what a petitioner must demonstrate to prove prejudice in the context of a guilty plea. That Court stated:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

474 U.S. at 58 (citation omitted). The Supreme Court stated that it "believe[s] that requiring a showing of 'prejudice' from defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel will serve the fundamental interest in the finality of guilty pleas." *Id.*

The examples the Supreme Court mentioned in *Hill* are similar to those at issue in the instant action. The state trial court accurately described Faldas's claims as that "defense counsel did not investigate and pursue potentially successful defense[s], nor did defense counsel file appropriate pretrial motions." (Jan. 13, 2009 Order 1). Therefore, pursuant to the rule in *Hill*, Faldas must demonstrate that the potential defenses, or pretrial motions, would have made a difference in Faldas's decision to plead guilty; this depends on whether the evidence "likely would have changed the outcome of a trial." *Hill*, 474 U.S. at 58. In this case, the potential defenses and pre-trial motions Faldas identified in the Motion for Post-Conviction Relief, in connection with counsel's statement of bias, are identical to those independently addressed and found by the trial court not to merit post-conviction relief. (*See* Mot. for Post-Conviction Relief 7; Jan. 13, 2009 Order). Faldas's claim involving counsel's improper statements merely raises an additional reason counsel might not have pursued avenues that afford Faldas no relief, per findings of the state trial court that are not presently at issue. Because Faldas cannot demonstrate that the foregone potential defenses or pre-trial motions would have made any difference in the outcome of his conviction, he cannot demonstrate prejudice resulting from his trial counsel's conduct. The Court sees no reason to disturb the state court's conclusion to that effect. (*See* Jan. 13, 2009 Order 1).

The Court therefore finds that Faldas is not entitled to habeas relief on this claim.[1] Furthermore, the Court denies Faldas's request for an evidentiary hearing as to this issue, as the state-court record standing alone precludes relief under section 2254(d). *See Cullen*, 131 S. Ct. at 1399.

### B. Counsel's alleged failure to inform Faldas of consequences of plea

Regarding the second issue, whether counsel failed to advise Faldas his guilty plea constituted an admission that the facts regarding his charged crime were undisputed, Magistrate Judge White states that "Faldas was not as clear" in raising this issue in the state court proceedings, although he did dispute the truth of facts in the charging document in several post-conviction filings, and stated the issue more clearly in the Petition. (Second Rep. 9). The Court finds that Faldas raised this issue in his Amended Motion for Post-Conviction Relief before the state court. In the Amended Motion, he wrote, "Counsel was incompetent for not advising Defendant that entering into a plea agreement would mean that Defendant acknowledged that there were 'no uncontested facts' regarding the charged crime, which was not the case at all." (Amended Mot. for Post-Conviction Relief 9).

The Court further finds that the state trial court did *not* adjudicate this issue on the merits. In the May 28, 2009 Order denying the Amended Motion for Post-Conviction Relief, the trial court did not address Faldas's second ineffectiveness claim, stating only in relevant part that "defendant is precluded from raising this claim again as defendants cannot present grounds for

---

[1] Magistrate Judge White states that Faldas's claim regarding counsel's statement of the judge's bias, like his second claim, is refuted by the record. (*See* Second Rep. 14–15). He reaches that conclusion on the basis of Faldas's plea colloquy, quoting from a portion of the transcript of the November 26, 2007 hearing where Faldas stated he was entering the plea agreement voluntarily and was satisfied with the advice of counsel. (*See id*. 14–16; Nov. 26, 2007 Hearing Tr. 4:19–5:11). The Court does not find the need to reach this portion of the record, as the above analysis sufficiently disposes of the issue; moreover the Court supposes Faldas could have professed himself generally satisfied with his counsel's conduct, while being unaware of the error in what his counsel said about the judge. However, the plea colloquy is relevant to the second claim of ineffectiveness, discussed below.

ineffective assistance of counsel in a piecemeal fashion." (May 28, 2009 Order 2). Because the issue was not adjudicated on the merits, the claim is reviewed *de novo*. *See Cone*, 129 S. Ct. at 1784.

Magistrate Judge White states that Faldas's second claim of ineffective assistance of counsel is refuted by the record because by executing the written plea agreement, Faldas was admitting he committed the charged offense. (*See* Second Rep. 15). He affixed his initials to the paragraph stating:

> having been advised by my counsel, RICHARD DUNBERG AND NELSON RODRIGUEZ, I, MARION FALDAS, *freely and voluntarily* enter into this plea agreement and agree to abide by all terms and conditions of this plea agreement, and agree that failure to comply with any terms or conditions within this agreement constitutes a violation of probation and the Court will impose a 15-year State Prison sentence, the maximum statutory penalty provided by law, *for the crimes for which I am now pleading guilty*.

(Probation Plea Agreement 5) (emphasis added). Moreover, at the plea colloquy the following was said:

> The Court: Okay. Now, I am reviewing the sworn arrest affidavit, which is part of the official court file. I find that if these facts had been proven at trial, they would have established a prima facie case of guilt as to these charges. *Are you admitting guilt because you are guilty, sir*?
>
> The Witness: *Yes, ma'am*.

(Nov. 26, 2007 Hearing Tr. 7:8–16) (emphasis added). Judge White concludes, "[a] defendant's sworn answers during a plea colloquy must mean something." (Second Rep. 16).

The Court agrees with Magistrate Judge White that the record establishes Faldas cannot show the improper conduct or prejudice necessary to prove this claim of ineffective assistance of counsel. In his Memorandum of Law in Support of his Petition, Faldas merely states

11

conclusorily:

> Mr. Faldas'[s] second claim that his counsel was ineffective for failing to advise him that his guilty plea constituted an admission that he molested an alleged victim of a certain age also satisfies both of the previously discussed *Strickland* prongs.

(Mem. of Law in Support of Pet. 8). Faldas does not state how or why this should be the case, particularly given the written plea agreement and plea colloquy. In his Objections to the Second Report, Faldas cites *Moore v. Bryant*, 348 F.3d 238 (7th Cir. 2003), for the proposition that the plea colloquy and agreement cannot be a "panacea for Mr. Faldas' trial counsel's deficient performance." (Objs. 2–3). However, as Faldas himself acknowledges, *Moore* dealt with a situation in which the colloquy did not address the erroneous information the attorney in that case provided the client. *See Moore*, 348 F.2d at 243. In the case at bar, the plea agreement initialed and signed by Faldas, and at the very least the plea colloquy, made clear that Faldas was admitting to guilt of the charged crime. Thus, even if Faldas could show his counsel were deficient in failing to inform him of the necessary consequences of a guilty plea, this deficiency was addressed and cured in the plea agreement and colloquy, such that Faldas did not suffer any prejudice.

The Court therefore declines to grant the Petition on this second basis. The Court also denies Faldas's request for a hearing on this issue since "a district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record." *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (citing *Holmes v. United States*, 876 F.2d 1545 (11th Cir. 1989)).

Case No. 09-22320-CIV-ALTONAGA/White

## IV. CONCLUSION

For the reasons stated above, it is

**ORDERED AND ADJUDGED** that the Second Report **[ECF No. 42]** is **AFFIRMED AND ADOPTED**, and the Petition **[ECF No. 1]** is **DISMISSED**. The Clerk is directed to mark this case **CLOSED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of December, 2011.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record